## Keystone Automated Equipment Company Inc. v. Reliance Insurance Company

*Michael M. Baylson,* for plaintiff.
*K. Charles Gudemas,* for defendant.

DiBONA, *J.*, January 30, 1987—Presently before this court are plaintiff's motion for summary judgment and defendant's motion for judgment on the pleadings. In response to plaintiff's motion for summary judgment, defendant filed an answer, and both plaintiff and defendant have filed supplemental briefs. In response to defendant's motion for judgment on the pleadings, plaintiff has filed an answer, to which defendant filed a supplemental memorandum in response. Because this court's decision on defendant's motion for judgment on the pleadings is dispositive of this case, this motion will be discussed first.

In its motion for judgment on the pleadings, defendant contends that plaintiff's declaratory judgment action against it for damages under an insurance policy issued by defendant fails to state a claim upon which relief can be granted and therefore

plaintiff's complaint should be dismissed. Specifically, defendant issued an insurance policy to the plaintiff on February 3, 1982. In January 1983, plaintiff was served with a complaint captioned *Texaco International Trader Inc. and SEIFEMBAL v. Keystone Automated Equipment Company,* an action filed in the United States District Court for the Eastern District of Pennsylvania. In this case, which can be referred to herein as the underlying lawsuit, Texaco alleged that it had sustained losses in excess of $500,000 as a result of the breach of contract by defendant, Keystone, arising out of two contractual agreements to sell equipment which was to be installed and located in Africa. During the pendency of the litigation, plaintiff was permitted by the district court to file an amended complaint setting forth its claim against defendant in greater detail. Thereafter, a settlement was agreed by the parties in which defendant, Keystone, would pay plaintiff, Texaco, $1 million. A final judgment was entered on August 7, 1985, in favor of Texaco and against Keystone in this amount pursuant to the settlement agreement.

Upon notification of the institution of the underlying lawsuit, Keystone notified Reliance of same and requested its defense thereof. Reliance continuously refused to defend the action and, in fact, refused to conduct an investigation into the incident, contending that there was no coverage for Keystone under the terms of the insurance policy. Once the settlement was reached, Keystone filed the instant declaratory judgment action against Reliance, claiming that some or all of the claims involved in *Texaco v. Keystone* were covered by the subject insurance policy or at least potentially covered by the policy. Keystone has alleged that Reliance breached its contractual obligations to defend

Keystone and now must indemnify Keystone for the $1 million judgment plus the cost of defense. Reliance has contended that the claim presented by Texaco in the underlying lawsuit was for damages sustained as a result of Keystone's breach of that agreement and has set forth the proposition that said damages occurred outside of the territorial limitation as set forth in the policy. For this reason, Reliance refused to defend Keystone in that litigation and has refused to indemnify Keystone for the amount of the judgment.

The issue therefore presented by defendant's motion for judgment on the pleadings is whether this court can, as a matter of law, determine that there is no coverage afforded to Keystone under the terms of the policy and that Reliance has not breached its contract and, therefore, owes no duty to defend nor obligation of indemnification to Keystone. An examination of the insurance policy in question reveals the following specific relevant language:

"This insurance applies only to personal injury, advertising injury or property damage which occurs during the policy period of insurance and within the policy territory."

"Policy territory" is defined as:

"(1) the United States of America, its territories or possessions, or Canada,

"(2) International waters or air space, provided the personal injury, advertising injury or property damage does not occur in the course of travel or transportation to or from any other country, state or nation."

"Property damage" is defined as:

"(1) Physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or

"(2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period."

Defendant contends in its motion for judgment on the pleadings, that the damages sustained by Texaco as a result of Keystone's actions, were not sustained within the "policy territory." In fact, defendant points to the language of the complaint and the amended complaint to indicate that there is no allegation as to where the damages were sustained. There are allegations that breaches of conduct took place within the policy territory, however, there is no indication in the complaint as to where the damages themselves were sustained. Plaintiff contends that the underlying lawsuit contended that defendant was being accused of being responsible for property damage which occurred in Philadelphia, Pa., and therefore the policy territory provision of the insurance policy was satisfied and coverage should have been afforded.

This court is guided by the recent case of *D'Auria v. Zurich Insurance Company et al.*, 352 Pa. Super. 231, 507 A.2d 857 (1986). In that case, the Superior Court held that an insurer owes a duty to defend if the complaint against the insured alleges facts which would bring the claim within the policy's coverage if they were true. The court held that it is the face of the complaint and not the truth of the facts alleged which determines whether or not there is a duty to defend and whether coverage should apply. See also, *Warner v. Employer's Liability Assurance Corp.*, 390 Pa. 62, 133 A.2d 231 (1957). The Superior Court also held in *D'Auria* that the time that damage can be ascertained to have taken place is judged not by the timing of the insured's negligent conduct and not at the time the cause of the injury

occurs, but when the injury or damage is reasonably apparent and manifests itself in producing damage.

In applying the above rationale from *D'Auria* to the facts of the instant case, it is apparent that the damages sustained by plaintiff, Texaco, as concluded after a thorough reading of plaintiff Texaco's amended complaint, occurred when the product or products were outside the territorial limits of the policy. Since the duty to defend, and likewise the duty to indemnify, are limited only to those claims which are covered by the policy itself, this court finds that the actions as alleged by plaintiff, Texaco, against defendant, Keystone, did not occur within the policy territory and, therefore, no coverage should be afforded to plaintiff Keystone. In addition, this court is not persuaded by plaintiff's contentions that the claims in the underlying lawsuit were "potentially" within the scope of coverage provided by Reliance's insurance policy.

Therefore, since the territorial clause of defendant's policy provides that coverage under the policy only applies to property damage which occurs within the policy territory, this court has determined that the damage sustained by plaintiff in the underlying lawsuit did not occur within the policy territory and, therefore, there is no basis for plaintiff's claim in the within action. Therefore, defendant's motion for judgment on the pleadings will be granted.

In light of the fact that defendant's motion for judgment on the pleadings will be granted and plaintiff's complaint dismissed, there is no need to reach the merits of plaintiff's motion for summary judgment, the complaint having been dismissed with prejudice.

Therefore, the following

### ORDER

And now, this January 30, 1987, upon consideration of defendant's motion for judgment on the pleadings, plaintiff's answer thereto, and upon consideration of defendant's supplemental memorandum in support thereof, it is hereby ordered and decreed that said motion for judgment on the pleadings is granted and plaintiff's complaint is dismissed with prejudice.